### In re EBERHARDT et al.

(Circuit Court of Appeals, Third Circuit. February 6, 1925. Rehearing Denied March 5, 1925.)

#### No. 3172.

Bankruptcy &⸺114(1)—Refusal to charge receiver with interest held within court's discretion.

Where trust company was appointed receiver of bankrupt, and deposited funds collected in its own bank, subject to its check as receiver, court *held* to have discretion to not require it to pay interest thereon, where its offer to waive commissions in lieu of paying interest was acquiesced in by a majority of creditors, and creditor subsequently excepting took no action for considerable time.

Petition to Revise and Appeal from the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson and Frederic P. Schoonmaker, Judges.

In the matter of George W. Eberhardt and others, individually and as partners doing business under the name of George W. Eberhardt & Co., bankrupts. Thomas R. Purman and others appeal and petition to revise an order dismissing exceptions to the

report of the receiver in bankruptcy. 2 F.(2d) 778. Appeal dismissed.

See, also, 1 F.(2d) 347.

Maynard Teall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellants.

Alvin A. Morris and Donald Thompson, both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This is an appeal from an order of the court below dismissing exceptions to the report of a receiver in bankruptcy. The question involved is the quantum of fees allowed the receiver. The pertinent facts are thus summarized in the court's opinion:

"Immediately after the creditors' petition was filed, the accountant, the Pennsylvania Trust Company, then the South Side Trust Company, was appointed receiver and took over the assets of the bankrupt. It conducted a banking as well as a trust business, and deposited funds of the bankrupt estate in its own bank, in its name as receiver. This account was in the bank for some months, considerably longer than the ordinary receiver's account, but the delay was not the fault of the accountant. The bankrupts' schedules were not filed, and no steps were taken by the creditors to enforce the rule in regard to time of filing. A very good reason existed for their failure to act. A composition offer, at first, was in course of preparation, and later was under consideration by the committee of the creditors. Finally this composition was taken up before the referee and accepted by the creditors."

At the meeting before the referee to consider the composition, the trustee informed those present of the fact of the deposit and its use of the fund in its general business, and, as stated by the court, "the great majority of them approved of the arrangement whereby the receiver, by reason of its possession of the funds on deposit, claimed no commission as receiver and undertook to continue to administer the estate as liquidating trustee without compensation." This suggestion met the approval of the creditors' committee. The present exceptants took no steps to then challenge this course, or made no application, at any time during the considerable period that elapsed before the composition could be carried out, to have the court make any order for the custody of the funds on any special interest basis.

The matter having thus been allowed to continue without objection on appellants' part, when objection would have availed, had any other course been deemed advisable, the court below, when later this exceptant raised the question, held:

"Under such circumstances, we do not feel that the exception should be sustained, unless we are required to do so by an inflexible rule of law. No such rule exists, as we think, which is applicable to the facts of the present matter. True, the general proposition advanced by the exceptant, to the effect that a trustee must account for profits arising out of the investment of the trust fund, is not to be questioned; but it is not applicable to the situation here presented. The accountant was appointed receiver of an estate in bankruptcy, and as such was required to anticipate the necessity of the payment of all funds of the estate to the trustee within a short time. Its own banking department was an authorized depository for bankruptcy funds, and the moneys of the estate were deposited to the credit of the receiver with that department, in a general fund from which loans were made and from which a profit was made, it is true, but nevertheless subject to immediate payment to the trustee or upon order of the court. Under such circumstances proration of the earning value of the funds in question with that of the various other funds in the bank and loaned by it would be practically, if not altogether, impossible. In view of the fact that the great majority of the creditors of the bankrupt, with knowledge of the matter, have acquiesced in the arrangement by which the receiver was compensated for its services (as receiver and liquidating agent) by its qualified use of the funds, and also by reason of our failure to discern any act or failure to act on the part of the receiver in the premises which is a proper subject of criticism, we are of opinion that the possibility of surcharge of the accountant is too remote for consideration, and that therefore it should not be harassed by an order which would require it to attempt the proration mentioned above."

In view of these facts, the timely report of the accountant of the status of the fund to the creditors, the approval of the creditors' committee, coupled with the inaction of the present exceptant, we feel the court below, in the exercise of the range of its discretion under this particular state of facts, committed no error in allowing the reasonable fees charged.

We accordingly dismiss this appeal, at appellants' cost.